IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.      No. 5:17-cr-2695 RB

TIMOTHY G. TANNER,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Timothy Tanner's Motion to Reduce Sentence. (Doc. 34.) The Federal Public Defender reviewed Tanner's motion and declined to file a motion on his behalf. (Doc. 38.) The United States contends Tanner is ineligible for a reduction. (Doc. 37.) Having reviewed the parties' arguments, the record, and the applicable law, the Court finds Tanner is ineligible for a sentence reduction. The Court will therefore **DISMISS** the motion.

**I.**      **Background**

On January 31, 2018, pursuant to a Rule 11(c)(1)(C) plea agreement, Tanner pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); one count of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k); and one count of possession with intent to distribute 5 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Docs. 24–25.)

The United States Probation Office (USPO) provided a presentence report (PSR). (Doc. 26.) The USPO computed a total offense level of 29. (*Id.* ¶ 38.) Based on Tanner's prior convictions, the USPO calculated a criminal history score of 15. (*Id.* ¶ 55.) Because he committed the "offense while under a criminal justice sentence[,]" two status points were added for a total criminal history score of 17, which resulted in a criminal history category of VI. (*Id.* ¶¶ 56–57.)

1

On October 23, 2024, the Court sentenced Tanner to 105 months of imprisonment. (Doc. 32.) His anticipated release date is December 12, 2025. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Oct. 28, 2025).

Since he was sentenced, Congress amended the Sentencing Guidelines (Amendment 821). *Compare* U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment), *with* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1(a). Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d).

Tanner, acting pro se, now asks the Court to reduce his sentence pursuant to Amendment 821. (Doc. 34.) The Federal Public Defender declined to file a motion on Tanner's behalf, and the United States opposes the motion. (Docs. 37–38.)

## II.     Legal Standards

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 17 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." § 1B1.10(b)(2)(C). In addition, except when the sentence was lower than the Guidelines range because the defendant provided substantial assistance to authorities, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended" Guidelines range. § 1B1.10(b)(2)(A)–(B).

2

Amendment 821 may lower the Guidelines sentencing range applicable to certain defendants. Part A of Amendment 821 applies to sentencing for offenses committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(e). Before Amendment 821, courts assessed two "status points" to the defendant's criminal history score for such crimes. *See United States v. McDonald*, No. CR 22-1317 JB, 2024 WL 2110525, at *8 (D.N.M. May 10, 2024). Part A of Amendment 821 reduced the number of status points added depending on the defendant's criminal history points. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918; § 4A1.1(e). In the case of a person who has seven or more criminal history points, the Court may reduce the status points to one, instead of two. § 4A1.1(e). Where a person has six or fewer criminal history points, the Court may reduce the status points to zero. *Id.*

Additionally, Part B provides that courts sentencing offenders who have zero criminal history points ("zero-point offenders") may reduce the offense level by two if the defendants meet specified criteria. § 4C1.1(a); U.S. Sent'g Guidelines Manual app. C Supp. (U.S. Sent'g Comm'n 2023).

In determining whether to reduce a sentence under Amendment 821, the Court must first determine whether the defendant is eligible for a reduction by determining whether the Guidelines range calculated under Amendment 821 is lower than the Guidelines range on which the defendant's sentence was based. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017); § 1B1.10(b)(1). If not, a defendant is not eligible for a reduction and the Court "lacks jurisdiction over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289; *see also United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (same); *United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that, while eligibility for a sentence reduction under

§ 3582 is a jurisdictional question under Tenth Circuit precedent, that precedent may "need to be revisited").

If the defendant is eligible for a sentence reduction, the Court must then consider whether the defendant has shown "a sentence reduction is consistent with the Commission's policy statements" and entitlement to "relief in light of the applicable sentencing factors found in" § 3553(a). *C.D.*, 848 F.3d at 1289–90; *see also* § 1B1.10(a)(1), § 3582(c)(2). The fact that a court considered the § 3553(a) factors in the initial sentencing does not preclude a court from considering them in the context of a sentence reduction motion. *Osborn*, 679 F.3d at 1196. In addition to the § 3553(a) factors, courts may consider "post-sentencing conduct," § 1B1.10, app. n.1(B)(iii), and "the benefits the defendant gained by entering a Type-C [plea] agreement when it decides whether a reduction is appropriate . . . ." *Hughes v. United States*, 584 U.S. 675, 689 (2018); *see also Osborn*, 679 F.3d at 1195.

### III. Discussion

#### A. The status points amendment does not change Tanner's sentencing range.

The United States acknowledges that Tanner received status points pursuant to §4A1.1(d) because he was under a criminal justice sentence when he committed these crimes. (*See* Docs. 26 ¶¶ 56–57; 37 at 3.) With a total of 17 criminal history points, Tanner's criminal history category was VI. (*Id.* ¶¶ 56–57.) Applying the status points amendment would reduce the status points assessed from two to one, for a total of 16 criminal history points. (*See* Doc. 37 at 3–4 (citing U.S.S.G. § 4A1.1(e)).) "A total of 16 criminal history points, however, still results in a criminal history category of VI." (*Id.* at 4 (citing U.S.S.G. Sentencing Table (Nov. 1, 2023)).) Because Tanner's criminal history category does not change with the amendment, his guideline range of 151–188 months remains the same as well. (*See id.* (citing Doc. 26 ¶ 90).) *See also* U.S.S.G.

Sentencing Table (Nov. 1, 2023).

Because the status points amendment "does not have the effect of lowering [Tanner's] applicable guideline range[,]" a reduction "is not authorized under 18 U.S.C. § 3582(c)(2) . . . ." *See* U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Atencio*, No. 13-CR-959 MV, 2024 WL 3901192, at *1 (D.N.M. Aug. 22, 2024) ("The district court does not have the power to modify a sentence pursuant to § 3582(c)(2) unless the defendant was sentenced based on a guidelines range lowered by a subsequent amendment to the Sentencing Guidelines.") (citing *United States v. McGee*, 615 F.3d 1287, 1291–92 (10th Cir. 2010)). The Court must dismiss Tanner's motion on this basis.

### B. The zero-point offender adjustment does not apply.

Tanner is also ineligible for a sentence reduction under Part B of Amendment 821. Given that Tanner was assessed 15 criminal history points (before the addition of two status points under § 4A1.1(d)), he is not eligible for the retroactive zero-point offender adjustment under Part B. (*See* Doc. 37 at 5 (citing Doc. 26 ¶¶ 55–57).)

The Court finds Tanner is not eligible for a sentence reduction under Part A or Part B of Amendment 821. The Court therefore lacks jurisdiction over his motion.

**IT IS THEREFORE ORDERED** that Tanner's Motion to Reduce Sentence (Doc. 34) is **DISMISSED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE